**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LAZARO CRUZ-GONZALEZ,

Petitioner,

v. No. 1:26-cv-03321-KG-JFR
1:26-cv-03229-KG-JMR

FNU LNU, *et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Cruz Gonzalez Lazaro's pro se Petition for a Writ of Habeas Corpus ("Petition"), Doc. 1, and the Response, Doc. 7. Also before the Court are Petitioner's Motion to Proceed In Forma Pauperis ("Motion to Proceed IFP"), Doc. 5, and Respondents' Motion to Consolidate, Doc. 8. In a separate case, Petitioner has filed a nearly identical habeas petition ("Second Petition"), as well as Motion for Temporary Restraining Order. *See Lazaro v. DHS*, No. 1:26-cv-03229, Doc. 1; Doc. 2 (D.N.M.). Respondents have also filed a Motion to Consolidate in that case. *See Lazaro*, No. 1:26-cv-03229, Doc. 8.

For the reasons below, the Court grants the Petition, Motion to Proceed IFP, and Motion to Consolidate, and the Court designates *Cruz Gonzalez*, No. 1:26-cv-03321, as the lead case.

## *I. Background*

Petitioner, a native and citizen of Cuba, entered the United States on April 14, 1995, near Miami, Florida. Doc. 7-1 at 1. Although Petitioner received permanent residency status later the same year, he was subsequently convicted of multiple felonies, including possession and distribution of cocaine, and placed in deportation proceedings. *Id.* at 2–3. Petitioner was ordered removed by an Immigration Judge ("IJ") on March 24, 2000, which became

administratively after Petitioner waived his right to appeal. Doc 7-2 at 1; *see also* Doc. 7-3 at 2. At some point afterwards, Petitioner was released from custody. Doc. 7 at 2.

On August 18, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") in Albuquerque, New Mexico. Doc. 7-1 at 2; *see also* Doc. 1 at 6. Since then, Petitioner has remained in immigration custody and is currently detained at the Torrance County Detention Facility in Estancia, New Mexico. Doc. 1 at 1. On October 11, 2026, the Department of Homeland Security's ("DHS") Office of Enforcement and Removal Operations ("ERO") received notice that its request to repatriate Petitioner was denied by the Cuban government. Doc. 7-3 at 2–3. Based on this denial, DHS states that it intends to remove Petitioner to Mexico. *Id.* at 3.

On September 28, 2026, Petitioner filed the instant Petition totaling 233 pages under the name Lazaro Cruz-Gonzalez. *See* Doc. 1. This Petition was assigned the case number 1:26-cv-03321. The same day, Petition filed a Second Petition with the Court, this time totaling 145 pages, under the name Cruz Gonzalez Lazaro. *See Lazaro*, No. 1:26-cv-03229, Doc. 1. The Second Petition was assigned the case number 1:26-cv-03229. Both petitions seek the same relief: immediate release. The two responses to the habeas petitions are also identical. *Compare* Doc. 7, *with Lazaro*, No. 1:26-cv-03229, Doc. 7. Given these similarities, the second *Lazaro* case was transferred to this Court on October 30, 2026, *see* No. 1:26-cv-03229, Doc. 9, and Respondents filed motions to consolidate both cases. *See* Doc. 8; *Lazaro*, No. 1:26-cv-03229, Doc. 8.

Petitioner seeks immediate release. Doc. 1 at 7. Although Petitioner concedes he has only in immigration custody for approximately two-and-a-half months, he nonetheless argues that his removal "is not significantly likely in the reasonably foreseeable future" because he

received his final removal order in 2000, "Cuba and the [United States] do not have an agreement[,] and a third country [will] not accept [him] due to [his] medical condition[.]" *Id.* at 6. Respondents oppose the Petition. *See* Doc. 7. They contend Petitioner is lawfully detained pursuant to a final order of removal and that his deportation is likely in the reasonably foreseeable future. Doc. 7 at 1–2; *see also* Doc. 7-3 at 1–3.

## ***II. Legal Standard***

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under 28 U.S.C. § 2241 if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States[.]" *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

The detention of a noncitizen subject to a final order of removal is governed by 8 U.S.C. § 1231. A removal order becomes administratively final upon the earlier of the noncitizen's waiver of the right to appeal, or the expiration of the time to appeal if no appeal is filed. 8 C.F.R. § 1241.1(a)-(c). "[T]he Government ordinarily secures [a noncitizen]'s removal during" the 90 days after a removal order becomes administratively final. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). During the 90-day "removal period," the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may detain the noncitizen for as long as is "reasonably necessary" to secure their removal. *Id.* at 682, 689; § 1231(a)(6).

Because a statute permitting indefinite detention of a noncitizen would raise serious concerns under the Due Process Clause of the Fifth Amendment, once a noncitizen's removal is "no longer reasonably foreseeable" or detention otherwise "exceeds a period reasonably necessary to secure removal," then the noncitizen's "continued detention is no longer authorized by statute" and they must be released under an order of supervision. *Abedi v. Carter*, --- F.4th --

-, 2026 WL 3149141 at *25 (10th Cir. Oct. 21, 2026) (quoting *Zadvydas*, 533 U.S. at 699–700); *see, e.g.*, *Jiminez Chacon v. Lyons*, 811 F. Supp. 3d 1229 (D.N.M. 2025). A six-month detention period is presumptively reasonable. *Zadvydas*, 533 U.S. at 701. This six-month presumption of reasonability is calculated based on "the time that has elapsed since the removal period was triggered." *Abedi*, 2026 WL 3149141 at *26. It is not calculated based "only on the time spent in the most recent period of detention" or "the time spent in the most recent period of detention plus any time previously spent in detention." *Id.* After six months have elapsed, however, "the calculus changes" and "detention . . . is no longer presumed reasonable[.] *Id.* at *28.

Nonetheless, *Zadvydas* "does not establish a bright-line rule under which the first six months of immigration detention are always acceptable and any detention after that point is automatically impermissible." *Id.* at *27. Rather, *Zadvydas* operates similar to a burden-shifting framework. *Id.* at *27–28. At all times, the central inquiry is whether the noncitizen's removal is "reasonably foreseeable[.]" *Id.* at *28 (quoting *Zadvydas*, 533 U.S. at 699–700). Although a noncitizen's detention is presumed reasonable "[d]uring the first six months after an order of removal becomes final, . . . [t]he noncitizen may rebut this presumption by showing that removal is not reasonably foreseeable and thus continued detention [is] unreasonable and no longer authorized by statute[.]" *Id.* at *28 (internal quotation marks omitted) (quoting *Zadvydas* 533 U.S. at 699–700). Under this framework, "district court[s] must conduct a case-specific analysis to conclude whether the [noncitizen's] detention meets the *Zadvydas* reasonableness standard[.]" *Id.*

## ***III. Analysis***

### A. <u>Motion to Consolidate</u>

As an initial matter, the Court grants the Motion to Consolidate, Doc. 8. Although the two habeas petitions assert the same facts, make the same legal arguments, and seek the same relief, the instant Petition includes additional medical records. *Compare* Doc. 1, *with Lazaro*, No. 1:26-cv-03229, Doc. 1. The Court therefore selects the instant Petition for consideration and designates *Cruz Gonzalez*, No. 1:26-cv-03321, as the lead case. For purposes of judicial efficiency, the Court denies the Second Petition and Motion to Consolidate filed under the other case name and number. *See Lazaro*, No. 1:26-cv-03229, Doc. 1; Doc. 8.

B. Petition for a Writ of Habeas Corpus

Proceeding to the merits of the Petition, the Court concludes that Petitioner's detention violates due process because his removal is not reasonably foreseeable and therefore no longer authorized by § 1231.

To start, the *Zadvydas* burden-shifting framework applies. Under this framework, Respondents are no longer entitled to a presumption of reasonability. Although Petitioner has only been detained since August 18, 2026, his Removal Order became administratively final on March 24, 2000. Since then, more than twenty-six (26) years have passed, which—based on the test set forth by the Tenth Circuit in *Abedi*—greatly exceeds *Zadvydas*'s six-month period of presumptive reasonability. *See Abedi*, 2026 WL 3149141 at *26 (explaining that *Zadvydas*'s six-month period of presumptive reasonability is calculated based on "the time that has elapsed since the removal period was triggered"). Respondents are therefore no longer entitled to a presumption of reasonability.

Next, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701 ("[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' . . .

shrink[s].”). Petitioner asserts that his “deportation to any country is not likely in the reasonably foreseeable future” because he received his final Removal Order in 2000 and “after 26 years [the Government has] not been able to deport [him.]” Doc 1 at 6. Petitioner further states that: (1) DHS has “not made preparation for [his] deportation [to] Cuba”; “Cuba and the [United States] do not have an agreement;” and, (3) “a third country [will] not accept [him] due to [his] medical condition[.]” *Id*. These allegations are sufficient to meet his burden.

Finally, Respondents fail to rebut Petitioner’s showing. *See Zadvydas*, 533 U.S. at 701 (“After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish evidence sufficient to rebut that showing.”). Here, Respondents concede the Cuban government rejected DHS’s request to repatriate Petitioner. Doc. 7 at 2; *see also* Doc. 7-3 at 2. Although Respondents state that DHS “intends to remove Petitioner to Mexico,” Doc. 7-3 at 3, they offer no timeline, no confirmed destination, and no evidence that removal is imminent. Such bare conclusions are insufficient to meet the Government’s burden. *See Momennia v. Bondi*, No. 25-cv-1067-J, WL 3011896, at *10 (W.D. Okla. Oct. 1, 2025) (“[M]ere intent to find a third country,” absent “specific communications between the United States and an identified country” is “too speculative to permit indefinite detention[.]”), *R&R adopted*, 2025 WL 3006045 (W.D. Okla. Oct. 27, 2025); *Vargas v. Noem*, No. 25-cv-03155-JWL, 2025 WL 2770679, at *3 (D. Kan. Sept. 29, 2025) (“[R]espondents have not been able to point to any specific fact that creates a significant likelihood that . . . petitioner will . . . be removed in the reasonably foreseeable future.”). Respondents therefore fail to show that Petitioner’s removal is reasonably foreseeable.

## *IV. Conclusion*

For the reasons above, Petitioner's continued detention violates § 1231(a). In the lead case, the Petition for a Writ of Habeas Corpus, Petitioner's Motion to Proceed In Forma Pauperis, and Respondents' Motion to Consolidate are GRANTED. It is further ordered that:

1. Respondents shall release Petitioner within forty-eight (48) hours of this Order. Respondents shall not impose any new conditions of release.
2. Upon Petitioner's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained. Respondents shall further provide a copy of this Order to Petitioner.
3. Respondents are enjoined from re-detaining Petitioner absent a showing that his removal is reasonably foreseeable—such as communications from foreign governments and the Government's anticipated timeline.
4. Respondents shall file a status report within ten (10) business days certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.